IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN L. KROLL,          : | |
|     Plaintiff,      : | |
| v.                               : | Case No. 3:21-cv-207-KAP |
| JOHN WETZEL, *et al.*    : | |
|     Defendants    : | |

<u>Memorandum Order</u>

This is a consent case under 28 U.S.C.§ 636(c)(1). The motion to proceed in forma pauperis, ECF no. 6, is granted.

The complaint is dismissed for failure to state a claim. The Clerk shall mark this matter closed.

Because plaintiff is proceeding *in forma pauperis*, the Prison Litigation Reform Act as codified at 28 U.S.C.§ 1915(e)(2) commands:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A)    the allegation of poverty is untrue; or
>     (B)    the action or appeal --
>         (i)    is frivolous or malicious;
>         (ii)    fails to state a claim on which relief may be granted; or
>         (iii)    seeks monetary relief against a defendant who is immune from such relief.

Also applicable to this case is 28 U.S.C.§ 1915A, which commands that:

> (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>     (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2)    seeks monetary relief from a defendant who is immune from such relief.

Plaintiff is serving an 18½-37 year sentence imposed on March 5, 2012 by the Bedford

County Court of Common Pleas (Honorable Thomas Ling) after plaintiff pleaded guilty to several offenses related to a kidnapping and sexual assault of a minor. Plaintiff pursued a habeas corpus petition in this court in Kroll v. Commonwealth of Pennsylvania, Case no. 3:17-cv-60-KRG-KAP (W.D.Pa. February 5, 2020), unsuccessfully attacking his prosecution in Bedford County. The details of the underlying offenses in Maryland and Pennsylvania are set forth at ECF no. 16 in that case.

In the complaint filed to this number, plaintiff names as defendants the prosecutors in Maryland and Pennsylvania who prosecuted him, the attorneys who represented him in Pennsylvania, the judges who arraigned, tried, and sentenced him in Maryland and Pennsylvania, the probation officer who prepared the presentence report in Pennsylvania, several police officers who investigated the matter, and the victim. Plaintiff gives dates for the events giving rise to his claims as falling between March 2005 and March 2012.

Some of plaintiff's claims are for events long over and that have no continuing effects, namely that some of the defendants were "arrogant" in their conduct, others defamed him, and some of the judges set excessively high bail.

Although the statute of limitations is an affirmative defense, the Supreme Court has recognized that a complaint that is time-barred fails to state a claim and may be dismissed as part of the *sua sponte* screening required by the Prison Litigation Reform Act when the allegations of the complaint show that the complaint is not timely. Jones v. Bock, 549 U.S. 199, 214-15 (2007). *See also* McPherson v. United States, 392 Fed.Appx. 938, 942–43 (3d Cir. 2010)(same); Webb v. Perkiomen School, 349 Fed.Appx. 675, 676 (3d Cir. 2009)("[A] district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required.") The limitations periods for all the above-mentioned claims plaintiff would like to bring would either be one year (defamation (assuming absolute witness immunity did not apply) or two years (setting excessive bail (assuming absolute judicial immunity did not apply)). Because plaintiff restates the same factual history that he presented to this court in 2017, no further factual development is needed to determine that the limitations period at the least ran several years ago on any claims not barred by the fact of his conviction.

Plaintiff asserts other claims that have continuing effects: the victim and the law enforcement defendants lied, committed perjury, and otherwise gave false testimony in the course of the prosecution; the Pennsylvania prosecutors and judges violated the Double Jeopardy Clause in prosecuting and sentencing him; and the defense attorneys who represented him in Pennsylvania were ineffective for failing to stop this from happening. Plaintiff seeks damages in the amount of $1000 per day until he is released for prison.

As to these claims, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). *See also* Kossler v. Crisanti, 564 F.3d 181, 192 (3d Cir. 2009) (*en banc*). The claims are based on the underlying allegations that plaintiff is innocent and the victim of deliberate falsehood (by the person who allegedly was impersonating a victim, by the law enforcement officers, or by both), or allegations that his conviction and sentence violate the Sixth Amendment right to the effective assistance of counsel, or that the prosecution violates the Double Jeopardy Clause. These claims necessarily imply the invalidity of plaintiff's conviction and sentence. As plaintiff recognizes by his computation of damages, his conviction and sentence are currently in effect. He cannot proceed until he first has them invalidated.

Plaintiff has already unsuccessfully pursued one habeas corpus petition as to his conviction and sentence and he cannot seek a writ of habeas corpus here unless he first makes a prima facie case in a motion - submitted to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A), not to this court - that a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2244(b)(2)(A), invalidates his conviction, or that there is newly discovered evidence that "could not have been discovered previously through the exercise of reasonable diligence," that would be "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i) and (ii).

The complaint is dismissed with prejudice as to the defamation and excessive bail claims, and without prejudice as to the claims based on the alleged perjury of witnesses and the claims based on the Double Jeopardy Clause and the Sixth Amendment. Plaintiff can only pursue them, however, if plaintiff first obtains authorization from the Court of Appeals to file a second habeas petition and is successful in that petition in invalidating his conviction and sentence.

DATE: January 10, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

John L. Kroll KM-8211
S.C.I. Fayette
50 Overlook Drive
LaBelle, PA 15450